**JEROME FARIBO FARMS, INC.,**
**Petitioner, Respondent,**

v.

**COUNTY OF DODGE, Respondent,**

**Gene T. Hallaway, et al., Appellants.**

**No. C7–90–1437.**

Court of Appeals of Minnesota.

Dec. 31, 1990.

Review Denied March 15, 1991.

Phillip A. Kohl, Daryl D. Bail, Christian, Slen, Savelkoul, Johnson, Broberg & Kohl, Albert Lea, for appellants.

George L. May, Hertogs, Fluegel, Sieben, Polk, James & Laverdiere, Hastings, Kevin D. Koch, Dodge County Atty., Mantorville, for respondent.

Considered and decided by KLAPHAKE, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellants moved to intervene in proceedings to compel Dodge County to issue a conditional use permit for development of a turkey feedlot. Appellants contend the trial court erred in denying their application to intervene as a matter of right under Minn.R.Civ.P. 24.01.[1] We reverse.

## FACTS

In November 1990, respondent Dodge County Board of Commissioners unanimously refused to issue a conditional use permit to respondent Jerome Faribo Farms,

---

1. Minn.R.Civ.P. 24.01 provides:
   Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Inc., for operation of a turkey feedlot.[2] Jerome Faribo Farms then commenced these mandamus proceedings to compel the Board to issue the permit. Appellants, the Hallaways, live on adjacent land approximately one-half mile from the proposed improvement and seek to intervene in the mandamus proceedings.

Appellants contend the turkey feedlot will produce unbearable odors and litter which will adversely affect the use, enjoyment and value of their property. Appellants further contend Dodge County will not adequately represent their interest in the mandamus proceeding. Appellants question the significance of the County Board's unanimous vote to deny the permit, because Jerome Faribo Farms alleged in its petition for mandamus that before the final vote the Board was divided 3–2 in favor of issuing the permit, suggesting that the Board may not be positioned solidly against Faribo Farms in the mandamus action. The mandamus petition also alleged improper conduct on the part of the Commissioners. In addition, appellants contacted the Dodge County Attorney's office and were advised that the county attorney was not representing their interest in the mandamus action.

The trial court found that "the Hallaways' interests differ somewhat from Dodge County's interests" in the mandamus proceedings, but nevertheless denied appellants' application to intervene because the interests were "similar," and therefore Dodge County's representation would be adequate. The trial court read the county attorney's statement narrowly, as indicating only that he was unable to act on behalf of appellants individually, not that he wouldn't represent the Hallaways' interest.

**2.** The Dodge County Zoning and Planning Ordinance provides that conditional use permits may be issued if, among other things:

> [T]he use will not be substantially injurious to the permitted uses nor unduly restrict the enjoyment of other property in the immediate vicinity nor substantially diminish and impair property values within the area [or]

## ISSUE

Did the trial court err in denying appellants' application for intervention of right pursuant to Minn.R.Civ.P. 24.01?

## ANALYSIS

Denial of intervention of right is a question of law that the reviewing court must independently assess. *Norman v. Refsland,* 383 N.W.2d 673, 676 (Minn.1986).

Minnesota courts are to follow a policy of encouraging all legitimate interventions. *Costley v. Caromin House, Inc.,* 313 N.W.2d 21, 28 (Minn.1981). Quoting a civil practice text, the *Costley* court observed:

> [I]f [the appellant's] interest is similar to, but not identical with that of one of the parties, a discriminating judgment is required on the circumstances of the particular case, but he ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee.

*Id.* at 28–29 (quoting 7A C. Wright & A. Miller, Federal Practice & Procedure § 1909 (1972)).

An application for intervention must be timely and made by a person with an interest in the proceedings. *Minneapolis Star & Tribune Co. v. Schumacher,* 392 N.W.2d 197, 207 (Minn. 1986). It is undisputed that the application here was proper in these respects.

The applicants must also carry the "minimal" burden of showing that the existing parties "may" not adequately represent their interests. *See Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972) (construing identical language in Fed.R.

\* \* \* \* \* \*

the use will not impede the orderly and normal development and improvement of the surrounding property for uses permitted in the zoning district.

Civ.P. 24(a)); *Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861, 869 (8th Cir.1977) (same). Similarly, the Minnesota Supreme Court requires that applicants for intervention of right demonstrate that their interests in a proceeding are imperiled by the existing parties. *Minneapolis Star & Tribune Co.*, 392 N.W.2d at 207.

Under the circumstances here, it was error to deny intervention to appellants. Appellants showed that their interest in the mandamus proceeding will be impaired by an adverse ruling and that this interest is not adequately represented by the existing parties.

Clearly, the appellants' interest is imperiled by the effort of the conditional use permit applicant, Jerome Faribo Farms. *See Planned Parenthood*, 558 F.2d at 869 (interests of applicants for intervention would be impaired by erosion of property values if proposed abortion clinic approved). Appellants' interest here is in the protection of the value of real property. Appellants own property "endowed with the protections afforded by the zoning of adjacent properties or properties within the zoned area, upon the stability of which property owners should be entitled to rely." *Roosevelt v. Beau Monde Co.*, 152 Colo. 567, 574, 384 P.2d 96, 100 (1963). To further their interests, appellants will wish to offer evidence and arguments about the effect of the proposed improvement in decreasing the market value of their property.

Finally, we must determine whether appellants showed the existing parties may not adequately represent their interest in protecting their property value.

Arguably, a public body has multiple interests in application and enforcement of zoning laws. *See Planned Parenthood*, 558 F.2d at 870 (public body is concerned with insuring that ordinance is consistent with city's comprehensive zoning plan); *Roosevelt*, 152 Colo. at 576, 384 P.2d at 101 (city may have interest in benefits of proposed shopping center, while property owners are against such construction). In the circumstances here, the County's interest may be divided. The County Commissioners and counsel on their behalf have a public responsibility to permit proper land use practices, a concern not shared by appellants. More conclusively, the Commissioners here must defend themselves against allegations of improper conduct, an interest not shared by appellants. *See Planned Parenthood*, 558 F.2d at 870 (city had interest not shared by property owners in defending itself from allegations of bad faith and discrimination).

In addition, appellants showed the County Commissioners' unanimous vote may not be indicative of their convictions on this issue. *See id.* (city may be less diligent in defending ordinance passed by a divided vote). Finally, the county attorney's emphatic distinction between the interests of the parties solidifies the appellants' 'minimal' burden of showing the existing party may not adequately represent their interest.

## DECISION

The trial court erred in refusing intervention as a matter of right under Minn.R. Civ.P. 24.01. We reverse and remand for entry of an appropriate intervention order and further proceedings in the case.

Reversed and remanded.